UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Benjamin Andrade,<br><br>    Defendant. | No. 2:17-cr-00180-KJM<br><br>ORDER |

Defendant Benjamin Andrade moves to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A).  *See generally* Mot., ECF No. 53.  He argues his age and medical conditions put him at increased risk for severe COVID-19 if infected and that this risk, when combined with the difficulty of preventing infections within the prison, is an "extraordinary and compelling" reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  *See* Mot. at 3–9.  The United States opposes, briefing is complete, and the matter was submitted without oral argument.  *See generally* Opp'n, ECF No. 57; Reply, ECF No. 59.

Mr. Andrade is fully vaccinated against COVID-19 and has recovered from a previous case of COVID-19.  *See generally* Medical Records, Opp'n Ex. 2 (under seal[1]).  The Ninth

---

[1] The government's and the defendant's motions to file confidential medical information under seal are **granted**.  *See, e.g.*, *Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D.

1

1   Circuit has not decided in a published opinion whether defendants who are vaccinated against the
2   virus that causes COVID-19 can obtain relief under § 3582(c)(1)(A) based on a risk of severe
3   COVID-19.  The Circuit has, however, affirmed the denial of a motion for compassionate release
4   brought by a defendant who, like Mr. Andrade, was fully vaccinated and had previously
5   recovered from COVID-19, but its decision is not precedential.  *See United States v. Decano*, No.
6   21-10099, 2021 WL 4922348 (9th Cir. Oct. 21, 2021) (unpublished), *aff'g* No. 07-0608, 2021
7   WL 1095979 (D. Hawaii Mar. 22, 2021).

8   The Sixth and Seventh Circuits, by contrast, have addressed this question in precedential
9   opinions, and they have held that when defendants have access to a vaccine, the risk of severe
10  COVID-19 is not normally an "extraordinary and compelling" reason to reduce a sentence under
11  § 3582(c)(1)(A).  *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[A]
12  defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the
13  COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a
14  sentence reduction."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the
15  vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the
16  risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

17  A number of other circuits have reasoned similarly, but not in precedential opinions.  *See,*
18  *e.g.*, *United States v. Aldissi*, No. 20-14483, 2022 WL 16488, at *2 (11th Cir. Jan. 3, 2022) (per
19  curiam) (unpublished) (affirming denial of motion for compassionate release because, among
20  other reasons, defendant's "vaccination against the virus reduce[d] his risk both of contracting it
21  and of suffering severe symptoms if he contracts it"); *United States v. Battle*, No. 21-2151, 2021
22  WL 4550925, at *2 (3d Cir. Oct. 5, 2021) (per curiam) (unpublished) (affirming denial of relief
23  under § 3582 because, among other reasons, defendant had been vaccinated and did not show he
24  was at greater risk of infection); *see also United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir.
25  2021) ("As of oral argument in May 2021, [the defendants] had either been vaccinated or been
26  offered the opportunity to be vaccinated against COVID-19.  Although we do not consider this

Cal. Sep. 10, 2019) ("This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records.").

development in resolving their appeals, there is certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons.'"), *pet. cert. filed*, No. 21-6594 (Dec. 15, 2021).  It appears district courts around the United States are generally in agreement.  *See, e.g.*, *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–45 (D. Ariz. 2021) (collecting authority).

In the absence of binding authority, this court will apply, as it has before, the apparent majority rule: a rebuttable presumption that if a defendant has been vaccinated, then the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i).  *See United States v. Smith*, 538 F. Supp. 3d 990, 998–99 (E.D. Cal. 2021).  A defendant can rebut this presumption by showing an elevated personal risk of severe harm despite vaccination.  *Id.*  In *United States v. Mathews*, for example, the defendant offered the uncontradicted opinion of an infectious disease specialist, who had concluded the defendant faced an increased risk of reinfection from a SARS-CoV-2 variant that was then circulating in the community where he was incarcerated.  *See* ___ F. Supp. 3d ___, No. 15-0118, 2021 WL 3883735, at *3–7 (E.D. Cal. Aug. 31, 2021).

Mr. Andrade has not offered evidence of an increased personal risk of infection and serious illness despite his vaccination against and previous recovery from COVID-19.  He argues only that his age (55) and medical conditions (hypertension, "overweight" or "obese" body mass index, diabetes, and osteoarthritis) have been known to cause unusually severe cases of COVID-19 among those who are not vaccinated and that COVID-19 is difficult to control in prisons.  *See* Mot. at 3–9.  The record includes no evidence that vaccination will not protect Mr. Andrade against severe harm from COVID-19.  Nor has Mr. Andrade claimed or proven that the facility where he is currently incarcerated is experiencing a surge in infections caused by a SARS-CoV-2 variant.  His motion is not supported by the necessary "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

The motion for compassionate release is thus **denied without prejudice to renewal** if Mr. Andrade can offer reliable evidence—such as reports from health authorities, expert opinions, or
/////

1 scientific studies—showing he is at increased personal risk of severe COVID-19 despite his
2 vaccination and previous recovery.
3     The parties' requests to file under seal at ECF Nos. 54 and 58 are **granted**.
4     This order resolves ECF Nos. 53, 54, and 58.
5     IT IS SO ORDERED.
6 DATED: January 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE